IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

**HARRY W. SCOTT**  :
Linwood, Kansas  :
  :
    Plaintiff,  :  CASE# 06-CV-2409 JAR/GLR
  :
v.  :
  :
**BURLINGTON NORTHERN & SANTA**  :
**FE RAILWAY COMPANY** as Successor  :
In Interest to the ATCHISON, TOPEKA &  :
SANTA FE RAILWAY, a Corporation  :
  :
    Defendant.  :
  :
  :
SERVE:   The Corporation Company  :
            Registered Agent  :
            515 S. Kansas Ave.  
            Topeka, KS  66603  :

:

## COMPLAINT

    COMES NOW Plaintiff, Harry W. Scott, by his attorneys Douglas P. Wilson, Glasser and Glasser, P.L.C. and Moody, Strople, Kloeppel, Basilone & Higginbotham, Inc., for his Complaint states:

    1.    This suit arises under the laws of the United States, more specifically the Federal Employer's Liability Act, 45 U.S.C. Secs. 51-60, the Federal Safety Appliance Act, 49 U.S.C. 20301 - 20306, and the Federal Boiler Inspection Act, 49 U.S.C. 20701 - 20703; and jurisdiction is based upon 28 U.S.C. §1331.

1

2. Plaintiff is:

    a. Plaintiff ("plaintiff-worker")

| | |
|---|---|
| Name: | Harry W. Scott |
| Address: | Lindwood, Kansas |
| Social Security No.: | ***-**-5912 |
| Date of Birth: | **/**/1920 |

    b. Plaintiff's Spouse

| | |
|---|---|
| Name: | N/A |
| Address: | |
| Date of Birth: | |

3. Defendant is the railroad corporation listed in the caption and at all times relevant has been doing business as a common carrier of interstate and intrastate commerce and has been engaged in interstate commerce and transportation within the District of Kansas and has been an employer of Plaintiff-worker pursuant to the Federal Employer's Liability Act, 45 U.S.C. §§ 51-60.

4. Plaintiff was hired by Defendant in 1938 as a clerk and roundhouse laborer. During the course of his employment, Plaintiff has been exposed to asbestos dust and/or fibers, and/or silica dust and/or coal dust in his workplace.

5. Plaintiff has been engaged in the performance of his duties as an employee of the Defendant and/or Defendant's predecessors at the time in which he has been exposed to asbestos dust and/or fibers, and/or silica dust and/or coal dust as hereinafter alleged.

6. At the time of his exposure to asbestos dust and/or fibers, and/or silica dust and/or coal dust, Plaintiff duties were in furtherance of interstate commerce, and his work directly, closely and substantially affected the interstate commerce carried on by the Defendant railroad and/or Defendant's predecessors.

7. In the performance of his duties, Plaintiff worked in, on and around railroad cars, locomotives, locomotive boilers and their appurtenances, locomotive repair shops and/or other shops and/or buildings.

8. In the performance of his duties, used and/or worked around others who used and/or hauled asbestos products and/or silica and/or coal on railroad cars, locomotives, locomotive boilers and their appurtenances, and he has been exposed to the inhalation of asbestos dust and/or fibers, and/or silica sand and/or silica dust, and/or coal and/or coal dust resulting from the hauling and/or use of these products and/or materials.

9. While engaged in the course of his employment with the Defendant and/or Defendant's predecessors, Plaintiff has been required to work with and around toxic substances, including but not limited to asbestos and materials containing asbestos, and/or silica and/or silica dust, and/or coal and/or coal dust.

10. At all times relevant, Plaintiff has been unaware of the dangerous propensities of asbestos and/or asbestos-containing products, and/or silica and/or silica dust; and/or coal and/or coal dust.

11. At all times material hereto, Defendant and/or Defendant's predecessors knew, or should have known, that exposure to the inhalation of dust, including but not limited to asbestos fibers and/or dust, and/or silica dust and/or coal dust were dangerous, toxic and potentially deadly.

12. At all times material hereto, Defendant and/or Defendant's predecessors knew, or should have known, that Plaintiff would be exposed to the inhalation of dust, including but not limited to asbestos fibers and/or dust, and/or silica dust, and/or coal dust resulting from the use of and/or handling of said products and/or said materials.

13. Despite this knowledge, Defendant and/or Defendant's predecessors:

   (a) Failed to provide Plaintiff with a reasonably safe place to work;

   (b) Failed to furnish Plaintiff with safe and suitable tools and equipment including adequate protective masks and/or protective inhalation devices;

   (c) Failed to warn Plaintiff of the true nature and hazardous effects of asbestos containing products and/or silica and/or coal;

   (d) Failed to operate the locomotive repair facility in a safe and reasonable manner;

   (e) Failed to provide instructions or a method for the safe use of asbestos containing products and/or silica and/or coal;

   (f) Failed to provide adequate, if any, instructions in the use and/or removal of asbestos products and/or the use, loading and/or hauling of silica and/or coal;

   (g) Failed to test said products and/or materials prior to requiring employees to work with the same, to determine their ultra-hazardous nature;

   (h) Failed to formulate and use a method of handling said products and/or materials, exposing Plaintiff to high concentrations of asbestos dust and/or fibers and/or silica dust and/or coal dust;

(i) Failed to provide Plaintiff with safe and proper ventilation systems in the locomotive repair facility;

(j) Allowed unsafe practices to become the standard practice;

(k) Failed to exercise reasonable care in publishing and enforcing a safety plan and method of handling asbestos-containing products and/or silica and/or coal;

(l) Failed to inquire of the suppliers of asbestos and/or silica and/or coal of the hazardous nature(s) of asbestos and/or silica and/or coal;

(m) Required employees to work with ultra-hazardous products and/or materials;

(n) Failed to exercise adequate, if any, care for the health and safety of employees, including Plaintiff;

(o) Failed to periodically test and examine Plaintiff to determine if he is subject to any ill effects of his exposure to said products and/or materials;

(p) Failed to periodically inspect the shops, buildings, equipment, railroad cars, locomotives, boilers, and their appurtenances in order to ascertain any dust and/or fiber contamination;

(q) Failed to limit access to areas where these products and/or materials were being used;

(r) Failed to advise Plaintiff to shower before going home, failed to provide such shower facilities and failed to enforce the use of such facilities;

(s) Failed to advise Plaintiff to have his clothing and belongings cleaned outside of the home, failed to provide such cleaning services and failed to enforce the use of such services;

(t) Failed to provide Plaintiff with a separate locker for clothing worn home to prevent such clothing from becoming contaminated with dust, including but not limited to asbestos fibers and/or dust and/or silica dust and/or coal dust from clothing worn at work;

(u) Failed to test said products and/or materials prior to use by Defendant and/or Defendant's predecessors employees.

14. The Defendant and/or Defendant's predecessors failed to comply with the provisions and requirements of the Federal Employer's Liability Act, 45 U.S.C. Secs. 51-60, as amended.

15. The Defendant and/or Defendant's predecessors, through its agents, servants and employees, violated the Locomotive Boiler Inspection Act, 49 U.S.C. 20701 - 20703, as amended, and Defendant and/or Defendant's predecessors failed to provide Plaintiff with a locomotive and its appurtenances which were in a proper and safe condition, and safe to work on or around.

16. As a direct and proximate result of the negligence, carelessness, gross negligence, willful misconduct, breach of warranty, fraudulent concealment, misrepresentations, and willful omissions of the Defendant, Plaintiff has been caused to contract asbestos-caused diseases and/or injuries, which are permanent and/or fatal and have caused and will continue to cause Plaintiff pain, suffering and mental anguish and will inevitably cause his death.

17. Plaintiff's asbestos-induced disease which is proximately caused by

Defendant's negligent use of asbestos products and other negligent acts or omissions and Defendant's violation of the Locomotive Boiler Inspection Act did not occur or exist three years prior to the filing of this Complaint and such disease is the indivisible biological result of the unique dose response of Plaintiff-worker's body to inhalation and/or ingestion of asbestos and/or industrial dust and fibers from Defendant's use of asbestos products.

18.     As a result of the negligence and statutory violations described above, Plaintiff has suffered great pain, extreme nervousness and mental anguish and believes that his illness is permanent in nature and that he will be forced to suffer from the same for the remainder of his life.  Plaintiff has been obliged to spend various sums of money for treatment and he will be obliged to continue to do so in the future.  Plaintiff, who was a strong and able-bodied man has sustained a loss of earnings and earning capacity, and his ability to render services, society, affection, counseling and support to his family has been diminished, his life expectancy has been shortened and his enjoyment of life has been impaired.  As a direct result of the negligence and statutory violations described above, Plaintiff suffers from extreme nervousness, mental anxiety and fear of progression of his asbestos-caused diseases and/or injuries; and fear of contracting mesothelioma and/or other asbestos-caused cancers and/or other conditions, including, but not limited to cor pulmonale.  In addition, Plaintiff, because of his asbestos-caused diseases and/or injuries, now has an increased risk of contracting mesothelioma and/or other asbestos-caused cancers and/or conditions including, but not limited to cor pulmonale.

WHEREFORE, for the reasons stated above, Harry W. Scott, demands a jury trial and respectfully requests that a judgment be awarded against the Defendant, BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, in the amount of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00), together with interest and costs of

this proceeding as well as other such relief as may be appropriate under the circumstances.

PLAINTIFF DESIGNATES KANSAS CITY, KANSAS AS THE PLACE OF TRIAL.

PLAINTIFF REQUESTS JURY TRIAL.

        Respectfully submitted,

        WILSON LAW OFFICE, LLC


        By: _____
        Douglas P. Wilson  KS Bar No.19215
        20 E Franklin St.
        Liberty, MO 64068
        (816) 529-5043
        (816) 781-6152  fax

        John F. Conley, Esq.
        GLASSER & GLASSER, P.L.C.
        Crown Center, Suite 600
        580 East Main Street
        Norfolk, Virginia 23510

        ATTORNEYS FOR PLAINTIFF